# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| KEY 7 INVESTMENT COMPANY, INC., <br><br>  Plaintiff, <br> v. <br><br> STORYFILE, INC., <br><br>  Defendant. | ) ) ) ) ) ) Civil Action No. _____ ) ) ) ) ) |

## COMPLAINT

Key 7 Investment Company, Inc. ("Key 7") files this complaint against StoryFile, Inc. ("StoryFile"), and states in support as follows:

### PARTIES

1. Key 7 is a corporation organized and existing under the laws of the state of Alabama with its principal place of business in Birmingham, Alabama. Thus, Key 7 is a citizen of Alabama for the purposes of diversity jurisdiction.

2. StoryFile is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Los Angeles, California. Thus, StoryFile is a citizen of Delaware and California for the purposes of diversity jurisdiction.

**Error! Unknown document property name.**

**JURISDICTION & VENUE**

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391 and Section 6 of the Amended and Restated Note (as defined herein).

**FACTS**

5.  On or about April 21, 2022, StoryFile executed and delivered in favor of Key 7 a certain Convertible Promissory Note (the "Original Note") governing a line of credit (the "Line of Credit") extended to StoryFile by Key 7 with a credit limit of $1,250,000.00. A true and correct copy of the Original Note is attached hereto as **Exhibit "A"**.[1]

6.  The Original Note, by its terms, matured on October 21, 2022, on which date all amounts advanced under the Line of Credit and Original Note would become due and payable. Ex. A at 2 ¶ 1.c.

7.  When StoryFile was unable to fulfill its obligations, Key 7 twice agreed to extend the maturity date for the Line of Credit: once pursuant to that certain Loan Extension Agreement dated October 20, 2022, and once again pursuant to that certain Loan Extension Agreement dated November 1, 2022.

---

[1] All exhibits attached hereto are herein incorporated by reference.

8. StoryFile executed and delivered in favor of Key 7 an Amended and Restated Convertible Promissory Note with an effective date of December 28, 2022 (the "Amended and Restated Note"), a true and correct copy of the Original Note is attached hereto as **Exhibit "B"**.

9. Pursuant to the Amended and Restated Note, Key 7 agreed, for a third time, to extend the maturity date of the Line of Credit to March 31, 2023, and to increase the maximum credit limit thereunder to $1,500,000.00. *See* Ex. B at 1.

10. As security for StoryFile's obligations to Key 7, including but not limited to those under the Amended and Restated Note, StoryFile executed in favor of Key 7 that certain Security Agreement dated (the "Security Agreement"), a true and correct copy of which is attached hereto as **Exhibit "C"**. The Original Note, the Amended and Restated Note, the Security Agreement and all related documents are referred to herein collectively as the "Loan Documents".

11. Pursuant to the Security Agreement, StoryFile granted Key 7 a first-priority security interest in, among other things, all of StoryFile's personal property, software, and related rights as more fully described in the Security Agreement (collectively, the "Collateral"). *See* Ex. C at 4–5 ¶ 4.1.

12. Key 7 properly perfected its security interest in the Collateral by filing a UCC-1 financing statement with the Delaware Department of State (the "Financing

3

Statement"). A true and correct copy of the Financing Statement is attached hereto as **Exhibit "D"**.

13. Based upon a search of the Delaware Department of State's records, no other creditor claims an interest in the Collateral senior to that of Key 7.

14. Paragraph 4(a)(i) of the Amended and Restated Note provides that an Event of Default shall occur under the Amended and Restated Note "if Borrower fails to pay any principal, interest or other sums due under this Note within ten (10) days of the due date . . . ." Ex. B at 4 ¶ 4(a)(i).

15. Paragraph 4(a) of the Amended and Restated Note provides that upon the occurrence of an Event of Default "Lender shall have the right to declare the entire principal balance of this Note together with all accrued but unpaid interest thereon . . . immediately due and payable." Ex. B at 4 ¶ 4(a).

16. Paragraph 5.1(a) of the Security Agreement provides that an Event of Default shall occur upon:

> Borrower's failure to perform any of its obligations in any material respect under this Agreement or any of the other Loan Documents [including the Amended and Restated Note], including failure to timely pay any amounts owed to Lender, and such failure continues for more than ten (10) days after written notice to Borrower; [or]
>
> . . . .
>
> Borrower materially defaults under any of the other Loan Documents [including the Amended and Restated Note], and such default continues for more than ten (10) days after written notice to Borrower, or there exists an "Event of Default" under any other Loan Documents . . . .

Ex. C at 6 ¶ 5.1(a).

17. Paragraph 5.2(b) of the Security Agreement provides that upon the occurrence of an Event of Default Key 7 may, along with acceleration of amounts owed under the Line of Credit, "sell or otherwise dispose of any of the Collateral at any public or private sale or pursue any remedy available to a secured party under the Uniform Commercial Code in effect in Delaware." Ex. C at 7 ¶ 5.2(b).

18. Paragraph 10 of the Amended and Restated Note provides that "[i]n the event of any default hereunder, Borrower shall pay all reasonable legal fees and court costs incurred by Lender in enforcing and collecting this Note." Ex. B at 5 ¶ 10.

19. Paragraph 5.2(c) of the Security Agreement similarly provides that upon the occurrence of an Event of Default, Key 7 shall be entitled to "recover from Borrower all reasonable attorneys' fees and other expenses incurred by Lender in connection with the exercise of any of its remedies." Ex. C at 7 ¶ 5.2(c).

20. StoryFile failed to pay the Line of Credit upon maturity as required under the Amended and Restated Note.

21. On April 11, 2023, Key 7 issued a written notice of default to StoryFile, a true and correct copy of which is attached hereto as **Exhibit "E"** (the "Notice of Default").

22. From the time of the issuance of the Notice of Default until January, 2024, Key 7 repeatedly attempted to resolve the issue of the past due indebtedness

owed to Key 7 under the Line of Credit. Notwithstanding these efforts, StoryFile has paid none of the funds required under the above-referenced agreements and remains in default. Key 7 has properly complied with any notice and demand prerequisites to maintaining this action.

23. Key 7 has been more than willing to cooperate with StoryFile. For example, in March 2023 when StoryFile was without funds to pay a credit card bill, Key 7 loaned $15,000 to StoryFile.

24. As of February 5, 2024, the amount owed by StoryFile to Key 7 was at least $1,971,930 plus attorneys' fees and costs of collection which, together with interest and other charges, continue to accrue (collectively, the "Indebtedness"). This amount is comprised of (i) principal and origination fee owed under the Loan Documents in the amount of $1,518,750.00; (ii) accrued interest owed under the Loan Documents through February 26, 2024 in the amount of $438,180.00; and (iii) the principal amount of $15,000 owed for the March 2023 loan.

## CAUSES OF ACTION

### I. BREACH OF CONTRACT

25. Key 7 hereby realleges and reaffirms each of the averments set forth in the paragraphs above.

26. Key 7 and StoryFile entered into contracts consisting of the Loan Documents.

6

27. StoryFile materially breached the Loan Documents and has caused an Event of Default under the Loan Documents by failing to pay the Indebtedness as and when due. Key 7 has fully performed its obligations under the Loan Documents, and all conditions, if any, to Key 7's recovery for StoryFile's breaches of the Loan Documents have been satisfied. Key 7 has been damaged as a proximate result of StoryFile's breaches of the Loan Documents.

28. StoryFile is indebted to Key 7 under the Loan Documents in the amount of at least $1,971,930.00, plus additional amounts to which Key 7 is entitled thereunder including, without limitation, attorneys' fees and costs of collection.

WHEREFORE, PREMISES CONSIDERED, Key 7 demands judgment against StoryFile, in an amount equal to at least $1,971,930.00 plus additional amounts to which Key 7 is entitled including, without limitation, additional pre-judgment interest, post-judgment interest, attorneys' fees and costs of court.

## II. ACCOUNT STATED

29. Key 7 hereby realleges and reaffirms each of the averments set forth in the paragraphs above.

30. Key 7 loaned money to StoryFile via the line of credit pursuant to the terms of the Loan Documents.

31. Key 7 presented a statement of the balance due under the Line of Credit pursuant to the Loan Documents, which StoryFile did not dispute.

Error! Unknown document property name.

32. Defendants are liable to Key 7 on an account stated in an amount equal to at least $1,971,930.00 plus additional amounts to which Key 7 is entitled under the Loan Documents, including, without limitation, interest, attorneys' fees, and costs of collection.

WHEREFORE, PREMISES CONSIDERED, Key 7 demands judgment against the Defendants, in an amount equal to at least $1,971,930.00 plus additional amounts to which Key 7 is entitled including, without limitation, additional pre-judgment interest, post-judgment interest, attorneys' fees, and costs of court.

### III. UNJUST ENRICHMENT

33. Key 7 hereby realleges and reaffirms each of the averments set forth in the paragraphs above.

34. Key 7 advanced sums to StoryFile pursuant to the Line of Credit based upon representations made by StoryFile that it would repay the advances and additional sums to which Key 7 is entitled in accordance with the terms of the Loan Documents.

35. Key 7 had a reasonable expectation of compensation for the amounts advanced under the Line of Credit to StoryFile, which StoryFile failed to pay.

36. StoryFile holds money which, in good conscience, belongs to Key 7, and has been enriched to the detriment of Key 7.

Error! Unknown document property name.

WHEREFORE, PREMISES CONSIDERED, Key 7 demands judgment against StoryFile, in an amount equal to at least $1,971,930.00 plus additional amounts to which Key 7 is entitled including, without limitation, additional pre-judgment interest, post-judgment interest, attorneys' fees, and costs of court.

### IV. DETINUE

37. Key 7 hereby realleges and reaffirms each of the averments set forth in the paragraphs above.

38. StoryFile is in default of its obligations to Key 7 under the Loan Documents.

39. Pursuant to sections 6-6-250 through 6-6-264 of the Alabama Code and other governing law, due to the defaults by StoryFile under the terms of the Loan Documents, Key 7 is entitled to possession of the Collateral.

40. In addition, StoryFile is in possession of certain video content produced by StoryFile on behalf of and at the expense of Maven Arena, LLC (the "Video Content") the rights to which have been assigned by Maven Arena, LLC to Story File. Despite demand for return of the Video Content, the Video Content has not been returned.

WHEREFORE, PREMISES CONSIDERED, Key 7 demands judgment against StoryFile for possession of the Collateral and the Video Content, and such other and different relief as may be necessary to complete and give effect to such a

judgment, including an order requiring StoryFile to tender possession of the Collateral to Key 7, and such other relief as the Court deems proper and just.

### V. DECLARATORY JUDGMENT

41. Key 7 hereby realleges and reaffirms each of the averments set forth in the paragraphs above.

42. Pursuant to the Loan Documents, as well as the Financing Statements, Key 7 has a properly perfected first-priority security interest in the Collateral.

43. As assignee of Marven Arena, LLC, Key 7 is the rightful owner of the Video Content.

44. StoryFile is in default of its obligations to Key 7 under the Loan Documents.

45. Pursuant to sections 6-6-222 of the Alabama Code and 28 U.S.C. § 2201, due to the defaults by StoryFile under the terms of the Loan Documents, Key 7 is entitled to judgment declaring: (i) that Key 7 has a properly perfected first-priority security interest in the Collateral; (ii) that Key 7 is entitled to possession and ownership of the Collateral, free and clear of any other liens or claims, pursuant to the Loan Documents, Alabama's Uniform Commercial Code (Ala. Code § 7-9A-601 *et seq.*), and other governing law; and (iii) that Key 7 is entitled to possession of the Video Content.

Error! Unknown document property name.

WHEREFORE, PREMISES CONSIDERED, Key 7 demands judgment against StoryFile declaring that Key 7 has a properly perfected first-priority security interest in the Collateral and that it is entitled to possession and ownership of the Collateral and the Video Content. Key 7 further seeks such other and different relief as the Court deems proper and just.

Dated: February 26, 2024.

/s/ David R. Pruet III
One of the Attorneys for Plaintiff,
Key 7 Investment Company, Inc.

**OF COUNSEL:**
David R. Pruet III (asb-9725-d54p)
dpruet@lightfootlaw.com
Wesley B. Gilchrist (asb-4083-E43G)
wgilchrist@lightfootlaw.com
LIGHTFOOT FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
205-581-0700

**PLAINTIFF WILL SERVE DEFENDANT BY CERTIFIED MAIL:**

Defendant's Address

StoryFile, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808